1  Philip S. McCune, WSBA #21081
2  J. Chad Mitchell, WSBA #39689
   Summit Law Group PLLC
3  315 Fifth Avenue South, Suite 1000
   Seattle, WA  98104-2682
4  Tel:  (206) 676-7000
   Fax:  (206) 676-7001
5  philm@summitlaw.com
   chadm@summitlaw.com
6
   Sean M. Kneafsey (*pro hac vice*)
7  Shaun Swiger (*pro hac vice*)
   Kneafsey & Friend LLP
8  800 Wilshire Boulevard, Suite 710
   Los Angeles, CA 90017
9  Tel:  (213) 892-1200
   Fax:  (213) 892-1208
10 skneafsey@kneafseyfriend.com
   sswiger@kneafseyfriend.com
11

12 *Attorneys for Plaintiff ThermaPure, Inc.*

The Honorable Robert H. Whaley

13
14         IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON

15  THERMAPURE, INC., a California
    corporation,
16                                              CASE NO. CV-11-00431-RHW
                    Plaintiff,
17                                              **STIPULATED PROTECTIVE**
           v.                                   **ORDER REGARDING**
18  JUST RIGHT CLEANING &                       **MANAGEMENT AND USE OF**
    CONSTRUCTION, INC., a Washington            **INFORMATION PRODUCED IN**
19  corporation,                                **DISCOVERY**

20                  Defendant.

21  JUST RIGHT CLEANING &
    CONSTRUCTION, INC., a Washington
22  corporation,

23                  Counterclaimant,

24         v.

25  THERMAPURE, INC., a California
    corporation,
26
                    Counterdefendant.

PROTECTIVE ORDER
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), it is hereby ordered that the following Protective Order be entered in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, electronically stored information, and all other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom, including but not limited to affidavits and declarations and exhibits attached thereto (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation.  Documents shall be designated CONFIDENTIAL or ATTORNEYS EYES ONLY prior to or at the time of the production or disclosure of the documents.  When electronically stored information is produced which

PROTECTIVE ORDER - 2
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original document being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.

3. Any party may designate documents as CONFIDENTIAL or ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY.

4. The Parties shall not designate any document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" without first making a determination that

PROTECTIVE ORDER - 3
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

protection under Federal Rule of Civil Procedure 26(c) is warranted. Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose.

5. Restrictions and obligations set forth herein relating to designated documents shall not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than a result of disclosure by the receiving party, or (b) has come or shall come into the receiving party's legitimate possession independently of the Providing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any designated documents if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

6. Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL or ATTORNEYS EYES ONLY, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within 30 days of the receipt thereof and specifically designate the testimony and exhibits that will be protected

PROTECTIVE ORDER - 4
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

7. Documents designated CONFIDENTIAL under this Order shall not be used or for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (i) – (vii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designed as CONFIDENTIAL.

    a. Outside Counsel of Record: Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

    b. Parties: Parties and employees of a party to this Order.

    c. Trial Court: The Court and its personnel.

    d. Court Reporters and Recorders: Court reporters and recorders engaged for deposition.

    e. Persons Creating or Receiving Documents: Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

    f. Consultants, Investigators and Experts: Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or

PROTECTIVE ORDER - 5
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

proceeding, but only after such persons have completed the certification contained in Attachment A.

    g.    Others by Consent: Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A.

8. Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosures of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (i)-(vi). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

    a.    Outside Counsel of Record: Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

    b.    The Court: The Court and its personnel.

    c.    Court Reporters and Recorders: Court reporters and recorders engaged for deposition.

    d.    Persons Creating or Receiving Documents: Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

PROTECTIVE ORDER - 6
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

  e. Consultants Investigators and Experts: Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certificate contained in Attachment A.

  f. Others by Consent: Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made and the failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees with any such designation, such party shall provide to the producing party a written notice of its disagreement with the designation. Within ten (10) business days of the written notice the producing party shall respond to the challenging party identifying in writing the bases for the asserted designation. The producing party shall bear the burden of showing that its asserted designation is warranted. The parties shall first try to resolve any dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. Any request for relief from the Court may not be made less than 25 days following written notice of the challenge of the designation in dispute. Any disputed documents or other material shall continue to be treated as confidential under this Protective Order until the Court rules otherwise.

PROTECTIVE ORDER - 7
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

10. Any party seeking to file any document(s) designated by the producing party as CONFIDENTIAL or ATTORNEYS' EYES ONLY must notify the producing party three days in advance of the proposed filing and determine if the producing party opposes an application to file the designated document(s) under seal.

11. CONFIDENTIAL or ATTORNEYS' ONLY documents mistakenly produced or disclosed without an appropriate designation may be subsequently designated by the producing person pursuant to the terms of this Order. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.

12. The inadvertent production in the course of discovery in this action of any document or information (whether or not designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privileges or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to, including any summaries thereof, and notify the producing party that is has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity

PROTECTIVE ORDER - 8
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  and does not preclude the receiving party from seeking to compel production of
2  the materials for reason other than its inadvertent production.

3     13.   This Order shall govern the handling of documents and the
4  information they contain prior to trial, and shall govern the handling after trial of
5  documents and information that do not become part of the record at trial. With
6  respect to documents or information to be used at trial, the parties shall meet and
7  confer after the pretrial conference to reach an agreement as to the confidentiality
8  of information to be used at trial. If necessary, the parties will also develop a
9  method for maintaining the confidentiality of such information and documents at
10  trial.

11     14.   After final termination of this action, counsel for the receiving party
12  shall return all copies of documents designated as CONFIDENTIAL or
13  ATTORENYS' EYES ONLY to counsel for the Providing Party, or shall destroy
14  such materials, and shall certify either the return or the destruction of all such
15  materials to counsel for the Providing Party. In addition, counsel for the receiving
16  party shall either return all copies provided to other persons or shall obtain a
17  certification of destruction from such persons. Except as specifically provided
18  herein, the terms, conditions, and limitations of this Protective Order shall survive
19  the termination of this action.

20     15.   Nothing herein shall be deemed to constitute a waiver of any
21  objection a producing party may have to any request for production of documents
22  or other requested discovery. Nothing herein shall prevent any party from
23  objecting to production of documents or objecting to other discovery requests on

PROTECTIVE ORDER - 9
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 any available grounds, or from seeking alternative protective orders from the
2 Court.

3     16.   This Order is entered based on the representations and agreements of
4 the Parties and for the purpose of facilitating discovery. Nothing herein shall be
5 construed or presented as a judicial determination that any documents or
6 information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
7 by counsel or the Parties is subject to protection under Federal Rule of Civil
8 Procedure 26(c) or otherwise until such time as the Court may rule on a specific
9 document or issue. The designation of documents for protection under this Order
10 does not mean that the document has any status or protection by statute or
11 otherwise except to the extent and for the purpose of this Order. The designation
12 "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" does not mean that the
13 document has any status or protection by statute or otherwise except to the extent
14 and for the purposes of this Order.

15     17.   Any pleadings filed with the Court will not be protected by this Order
16 unless a motion is filed to enter a Protective Order with respect to a particular
17 pleading.

18     18.   The Court shall have jurisdiction to make any amendments,
19 modifications or additions to this Protective Order as it deems appropriate.

20 ///
21 ///
22 ///
23 ///
24 ///
25

PROTECTIVE ORDER - 10
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1      19.     The Court shall retain jurisdiction to enforce the terms of this Order for a period of six months after final termination of the action.

DATED this 28th day of June, 2012.

      <u>s/Robert H. Whaley</u>
      The Honorable Robert H. Whaley
      U.S. District Court Judge

PROTECTIVE ORDER - 11
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  The Parties, through their undersigned counsel of record, hereby stipulate
2  and agree to entry of this Stipulated Protective Order.

3  SUMMIT LAW GROUP PLLC

4  By /s/ *J. Chad Mitchell*
    J. Chad Mitchell, WSBA #39689
5   Philip S. McCune, WSBA #21081
    315 Fifth Avenue S., Suite 1000
6   Seattle, WA  98104-2682
    Tel:  (206) 676-7000
7   Fax:  (206) 676-7001
    chadm@summitlaw.com
8   philm@summitlaw.com

9  KNEAFSEY & FRIEND LLP

10 By /s/ *Shaun Swiger*
    Sean M. Kneafsey (*pro hac vice*)
11  Shaun Swiger (*pro hac vice*)
    Kneafsey & Friend LLP
12  800 Wilshire Blvd., Suite 710
    Los Angeles, California 90017
13  Tel:  (213) 892-1200
    Fax:  (213) 892-1208
14  skneafsey@kneafseyfriend.com
    sswiger@kneafseyfriend.com

15
   ***Attorneys for Plaintiff ThermaPure, Inc.***
16

17 FOSTER PEPPER PLLC

18 By /s/ *Joel B. Ard*
    Joel B. Ard, WSBA 40104
19  Steven J. Gillespie, WSBA 39538
    1111 Third Ave., Suite 3400
20  Seattle, WA 98101
    Tel:  (206) 447-4400
21  Ardjb@foster.com
    Gills@foster.com
22
   ***Attorneys for Defendant Just Right***
23 ***Cleaning & Construction, Inc.***

24

25

PROTECTIVE ORDER - 12
(CV-11-000431-RHW)

*EXHIBIT A*

| | |
|---|---|
| Philip S. McCune, WSBA #21081<br>J. Chad Mitchell, WSBA #39689<br>Summit Law Group PLLC<br>315 Fifth Avenue South, Suite 1000<br>Seattle, WA 98104-2682<br>Tel: (206) 676-7000<br>Fax: (206) 676-7001<br>philm@summitlaw.com<br>chadm@summitlaw.com | The Honorable Robert H. Whaley |

Sean M. Kneafsey (*pro hac vice*)
Shaun Swiger (*pro hac vice*)
Kneafsey & Friend LLP
800 Wilshire Boulevard, Suite 710
Los Angeles, CA 90017
Tel: (213) 892-1200
Fax: (213) 892-1208
skneafsey@kneafseyfriend.com
sswiger@kneafseyfriend.com

*Attorneys for Plaintiff ThermaPure, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERMAPURE, INC., a California corporation,<br>           Plaintiff,<br>   v.<br>JUST RIGHT CLEANING & CONSTRUCTION, INC., a Washington corporation,<br>           Defendant. | CASE NO. C11-00431-RHW<br><br>**DECLARATION** |
| JUST RIGHT CLEANING & CONSTRUCTION, INC., a Washington corporation,<br>           Counterclaimant,<br>   v.<br>THERMAPURE, INC., a California corporation,<br>           Counterdefendant. | |

PROTECTIVE ORDER - 13
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1      I, _____, declare as follows:

2      1.    My address is _____.

3 My present occupation is _____.

4      2.    I have received a copy of the Protective Order in this action. I have

5 carefully read and understand the provisions of the Protective Order.

6      3.    I will comply with all of the provisions of the Protective Order.

8      Executed on _____ at

9 _____.

10 I declare under penalty of perjury under the laws of the United States of

11 America that the foregoing is true and correct.

13                                  _____

PROTECTIVE ORDER - 14
(CV-11-000431-RHW)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001