FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 02 2013

SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THERMAPURE, INC.,

Plaintiff,

v.

JUST RIGHT CLEANING & CONSTRUCTION, INC.,

Defendant.

No. CV-11-0431-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant's Motion for Reconsideration, ECF No. 76. Plaintiff has responded, ECF No. 82, to which Defendant has replied. ECF No. 83. Defendant moves the Court to reconsider the November 7, 2012, Order, ECF No. 75, which denied Defendant's Motion for Partial Summary Judgment, ECF No. 15. The instant Motion was noted for hearing on December 14, 2012, without oral argument. The Court deferred ruling on the Motion, in anticipation of a claim construction hearing, which included additional briefing on the construction of the disputed claim terms at issue, "predetermined temperature" and "high temperature / heated gas." *See* ECF Nos. 84-90.

The Court's focus is now whether Claim No. 6 of the '812 Patent includes a "targeted organism" construction. This issue was not addressed by the Court's previous order, and is now dispositive of Plaintiff's sole infringement claim of the '812 Patent. The Court has reviewed all documents in support of, and in

opposition to the Motion, including the relevant claim construction materials. For the reasons set forth below, the Court **grants** the Motion.

## I. PROCEDURAL HISTORY

On November 18, 2011, Plaintiff ThermaPure, Inc., ("ThermaPure"), filed a complaint alleging that Defendant Just Right Cleaning & Construction, Inc. ("Just Right") infringes U.S. Patent No. 6,327,812 (the "'812 Patent"). ECF No. 1. Thereafter, Defendant filed counterclaims seeking declaratory judgments of non-infringement and invalidity. ECF No. 9.

On February 21, 2012, Defendant filed a motion for partial summary judgment of non-infringement, as to Claim No. 6 of the '812 Patent. ECF No. 15. On May 15, 2012, Plaintiff responded, ECF No. 35, and Defendant replied on May 29, 2012. ECF No. 45.

The Court held a telephonic hearing on July 19, 2012. At the hearing, the Court permitted the parties to file additional briefing on the issue of Claim No. 6's "predetermined temperature" limitation. On August 10, 2012, Plaintiff submitted supplemental briefing in opposition to Defendant's motion for partial summary judgment, ECF No. 58. Defendant submitted its supplemental response on August 17, 2012. ECF No. 67.

On August 16, 2012, Plaintiff filed a motion to amend the asserted claims and infringement contentions, to include Claim Nos. 4 and 8 of the '812 Patent. ECF No. 63. Defendant responded in opposition on August 30, 2012, ECF No. 70, to which Plaintiff replied on September 6, 2012. ECF No. 71.

The Court held another telephonic hearing in response to these additional issues on October 15, 2012. By Order dated November 7, 2012, the Court denied both Defendant's motion for partial summary judgment and Plaintiff's motion to amend asserted infringement contentions (hereafter "MSJ Order"). ECF No. 75. On November 14, 2012, Defendant moved for reconsideration. ECF No. 76.

Plaintiff responded in opposition on December 11, 2012. Defendant replied on the same date. ECF No. 83.

On January 1, 2013, the parties then filed their Opening Claim Construction Briefs, ECF Nos. 84 and 86, and submitted Responsive Claim Construction Briefs on January 18, 2013. ECF Nos. 88 and 89. On February 26, 2013, the Court struck the scheduled claim construction hearing, [1] and determined such a hearing was not necessary in order to resolve Defendant's Motion for Reconsideration and construction of the disputed claim terms noted above. *See* ECF No. 92.

## II. RECONSIDERATION STANDARD [2]

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). However, FED. R. CIV. P. 54(b) authorizes the court to modify an interlocutory order, such as the Court's November 7, 2012, MSJ Order, "which adjudicates fewer than all of the claims . . . at any time before entry of judgment adjudicating all of the claims." *See also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (The Ninth Circuit has "long recognized the well-established rule that a district court judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory.") (internal citation omitted). In addition, where reconsideration of a non-final order

---

[1] *See Ballard Med. Prods. v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001) (noting "*Markman* does not require a district court to follow any particular procedure in conducting claim construction[,] . . . if the district court considers one issue to be dispositive, the court may cut to the heart of the matter and need not exhaustively discuss all the other issues presented by the parties.")

[2] The parties are well aware of the relevant legal standards regarding summary judgment, claim construction, and patent infringement, *See* MSJ Order, ECF No. 75 at 6-8, 10-11.

is sought, the court has inherent jurisdiction to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001).

## III. CONCURRENT AND RELATED LITIGATION

The aforementioned inquiry requires the Court to evaluate the construction of the disputed claim terms not contemplated by the prior MSJ Oder. The issue is whether Defendant's Water Out sanitization method infringes Claim No. 6 of the '812 Patent. Accordingly, the Court must decide whether to adopt Defendant's proposed construction of the disputed claim terms "predetermined temperature" and "high temperature / heated gas." As an initial matter, the Court notes that the "targeted organism" limitation advocated by Defendant was previously adopted by two other district courts in related and concurrent litigation with Plaintiff ThermaPure. Thus, before turning to the merits of Defendant's motion, the Court will briefly summarize the prior courts' construction of those terms, including its own.

### A. Northern District of Illinois

During the pendency of Defendant's motion for partial summary judgment before this Court, the Hon. Joan H. Lefkow, U.S. District Court for the Northern District of Illinois, [3] entered a claim construction order on July 3, 2012. *See* J. Ard Decl., Ex. A, ECF No. 69 at 5. After holding a *Markman* hearing and construing the '812 Patent, Judge Lefkow interpreted "predetermined temperature" and "high temperature gas / heated gas," (claim terms present in Claims 4, 6, and 8 of the '812 Patent) to include a "targeted organisms" construction. *Id.*:

///

///

[3] *See ThermaPure, Inc. v. Temp-Air, Inc., et. al.*, No. 10-CV-4724-JHL (N.D. Ill.).

| **Claim Term** | **Construction** |
|---|---|
| "Means for heating an environmentally acceptable gas to a predetermined temperature that is lethal to predetermined organisms"; "heating a gas to a predetermined temperature"; "a heater coupled to said gas source to heat said gas to a predetermined temperature . . ."; "preparing said enclosed structure for exposure to a high temperature gas by removing or protecting all heat sensitive items" (cls. 4, 6, 8) | a temperature selected in advance that is sufficient to kill substantially all of the *targeted organisms* gas that has been heated to a temperature sufficient to promptly kill *targeted organisms* |

*Id.* (emphasis added). In that case, Judge Lefkow agreed with Plaintiff ThermaPure's construction of "predetermined temperature" and refused to accept defendants' construction that required reading "certain minimum temperatures" in the claims. *See* Def.'s Opening Claim Construction Brief, ECFR No. 84 at 12. Defendant Just Right argues the construction of "predetermined temperature," which included a "targeted organism" limitation, as advocated by ThermaPure in the Northern District of Illinois, should apply in this case.

As Judge Lefkow reasoned, Claims Four, Six, and Eight of the '812 Patent all required that an infringer select and target organisms to destroy:

> Because the claim and specification refer to temperature relative to that required to kill, however, the measure of temperature must be sufficient to kill almost all targeted organisms (implicitly promptly) by using the method claimed. Otherwise, a practitioner of the invention would have no guidance as to temperature required.

*Id.* This ruling applied across Claim Nos. 4, 6, and 8, despite the fact that Claim Six does not include language explicitly referencing killing or removing "targeted organisms." *See* Claim No. 6 of '812 Patent, Ex. 1, ECF No. 1 at 13.

The Court also notes that Plaintiff's parallel suit before Judge Lefkow was recently dismissed with prejudice, due to a confidential settlement. *See* Defendant's Notice of Activity in Related Proceedings, ECF No. 97.

**B. Eastern District of Washington**

On November 7, 2012, this Court entered an order denying Defendant's motion for partial summary judgment, *inter alia*. MSJ Order, ECF No. 75. Defendant moved for partial summary judgment on asserted Claim No. 6 and argued non-infringement of the '812 Patent, as it did not perform every element of Claim No. 6. The Court then addressed each limitation of Claim Six [4] allegedly not practiced by Defendant: (1) use of "a ***plurality*** of temperature indicating probes;" (2) placement of any temperature indicating probes at "***predetermined locations*** within said enclosed structure;" and (3) raising the "temperature within said enclosed structure to a ***predetermined temperature***." *Id.* at 8 (emphasis added).

Thus, pursuant to the parties' briefing and oral argument, the Court limited its inquiry to the location of "predetermined temperature" and not whether Defendant "targeted organisms." This was also the issue addressed by the parties in their supplemental briefing on construction of the claim term "predetermined temperature." See ECF Nos. 59, 59-1, 61, 61-1, 68, 69. Specifically, the Court was tasked with determining whether "predetermined temperature" meant the temperature inside the structure where it was monitored, not at the heat source as argued by Defendant. *Id.* at 10. Ultimately, the Court construed "predetermined temperature" in Plaintiff's favor to mean "a temperature selected in advance to be reached inside a structure." MSJ Order, ECF No. 75 at 13. The Court reasoned that

---

[4] In the MSJ Order, the Court also denied Plaintiff's motion to amend asserted claims and infringement contentions. Plaintiff sought to include Claims Four and Eight of the '812 Patent. *See* ECF No. 75 at 15-17. Consequently, only the following terms of Claim Six are in dispute: 1) "predetermined temperature," and 2) "high temperature / heated gas." *See* ECF Nos. 84, 86.

"'predetermined temperature' refer[red] to the temperature to be reached inside a structure, as that is where a predetermined temperature must be obtained to kill the organism or sanitize the building – which the Court note[d] include[d] mold." *Id.*

The Court then denied Defendant's motion and ruled that a factual dispute existed as the parties presented conflicting evidence regarding predetermination. *Id.* at 14. The parties did not ask the Court to consider whether Defendant "targeted organisms" or whether Claim No. 6 included such a construction regarding "predetermined temperature." Also, the Court did not construe the claim term "high temperature / heated gas."

However, a review of the briefing reveals that Defendant also asserted that summary judgment was proper because "Just Right never determines a temperature, or identifies organisms to target with heat." Memo. in support of Def.'s Motion for Partial Summary Judgment, ECF No. 16 at 12. Defendant then submitted evidence that "Just Right does not identify what organisms are in a structure prior to drying." B. Justesen Decl., ECF No. 17-1 at ¶ 18. Also, in its supplemental briefing, Defendant reiterated that "Just Right never determines a temperature, or identifies organisms to target with heat[.]". ECF No. 68 at 3. As discussed below, this important distinction was not addressed by the Court in its prior Order, and is now dispositive as to Plaintiff's infringement claim

**C. Western District of Washington**

In a concurrent action, Plaintiff ThermaPure sued another former Water Out Licensee, [5] Water Out Oregon, in the U.S. District Court for the Western District of

---

[5] Defendant Just Right was also a Water Out Licensee allegedly performing the same limitations of Claim No. 6 that Plaintiff ThermaPure alleged infringed the '812 Patent in the parallel suit against defendant Water Out Oregon. *See* ECF No. 75 at 4 n. 2. Also, counsel representing Plaintiff ThermaPure and counsel for both Defendants Just Right and Water Out Oregon are identical.

Washington. [6] On November 13, 2012, Judge Lefkow's construction of "predetermined temperature" was adopted by the Hon. Benjamin H. Settle, *See* J. Ard Decl., Ex. A, ECF No. 77. Citing a recent order by Judge Robert Lasnik, also of the Western District of Washington, Judge Settle agreed "that deference must be afforded to other district court constructions." *Id.* at 7. Judge Settle concluded that Judge Lefkow's order and the relevant construction construing "predetermined temperature" and "high temperature gas" to mean "a temperature selected in advance that is sufficient to kill substantially all of the targeted organisms" and "gas that has been heated to a temperature sufficient to promptly kill targeted organisms" was "thoughtful and well-reasoned." *Id.*

Judge Settle also found there was no evidence that defendant Water Out Oregon "'identifies organisms to target with heat.'" *Id.* at 8-9. Judge Settle further concluded that a uniform construction among all courts construing the '812 Patent would thereby resolve ThermaPure's infringement claim. *Id.* Judge Settle granted defendant Water Out Oregon's motion for partial summary judgment. *Id.* at 9. Furthermore, aside from the arguments presented to this Court in regard to the location of monitoring the gas temperature, the issues on defendant Water Out Oregon's motion for partial summary judgment addressed by Judge Settle were identical to those presented to this Court.

Judge Settle also denied Plaintiff's motion for reconsideration on December 3, 2012. *See* No. C-11-5958-BHS (W.D. Wash.), Dkt. 56. Significantly, Judge Settle found that Plaintiff ThermaPure's only evidence [7] consisted of defendant

---

[6] *See ThermaPure, Inc. v. Water Out Oregon, et. al.*, No. C11-5958-BHS (W.D. Wash.).

[7] In the case at bar, Plaintiff ThermaPure submits the declaration of Just Right's former employee Seth Justesen as the only evidence that Defendant "targets

Water Out Oregon's ex-employee's declaration that defendant "targeted organisms such as mold and other bacteria." *Id.* at 3. Judge Settle ruled that "evidence does *not* create a question of fact that [defendant] predetermined temperature of the gas to kill that particular organism because, at most, it shows that [defendant] only treated structures that contained particular organisms." *Id.* Judge Settle also reaffirmed adopting Judge Lefkow's construction of the disputed claim terms:

> In this case, the Court adopted the construction that addressed the particular issue presented. [Defendant] argued that "claims [of the '812 patent] all require that a temperature be selected in advance: either a temperature predetermined directly, or determined as the temperature lethal to predetermined organisms." Dkt. 17 at 11. Judge Lefkow concluded that the claim language should be construed to require correlation between the gas temperature and a targeted organism, "[o]therwise, a practitioner of the invention would have no guidance as to temperature required." Dkt. 48, Exh. A at 3. The Court considered Judge Lefkow's order, found it to be well reasoned and persuasive as to the particular issue presented in this case, and adopted Judge Lefkow's construction. In fact, even Judge Whaley concluded that Judge Lefkow's construction of predetermined temperature "applied across Claims 4, 6, and 8 of the '812 Patent." Dkt. 53, Exh. 2 at 5, ll. 9–10.

*Id.* at 5.

Finally, the Court notes the remaining invalidity counterclaim asserted by defendant Water Out Oregon, identical to that asserted by Just Right in the instant case, was transferred by joint stipulation of the parties to the Central District of California.[8] Dkt. 83.

---

organisms," who declared that Just Right used Water Out equipment to sanitize structures containing mold and sewage. S. Justesen Decl., ECF No. 41 at ¶¶ 3, 5.

[8] Defendant Water Out Oregon is a member of the Restoration Industry Association, who has since filed suit in the U.S. District Court for the Central District of California. *See Restoration Industry Association Inc. v. ThermaPure, Inc.,* No. CV-13-3169-JVS-RZ (C.D. Cal.). With the exception of local counsel,

## IV. DISCUSSION

### A. Defendant's Motion

Defendant seeks reconsideration of the Court's prior Order denying Just Right's motion for partial summary judgment. Specifically, Defendant argues that the claim term "predetermined temperature" must be construed as "a temperature selected in advance [to be reached within the structure] *that is sufficient to kill substantially all of the targeted organisms*." ECF Nos. 76, 74-1 (emphasis added to disputed language). As to "high temperature / heated gas," Defendant proposes the Court adopt the construction of "gas that has been heated to a temperature sufficient to *promptly kill targeted organisms*." ECF No. 88 at 8.

Defendant argues that in the interests of judicial economy and efficiency, this Court should adopt the claim constructions outlined above, and already adopted by two prior district courts. ECF No. 76 at 2. Defendant reasons that if the Court agrees to such a construction, Plaintiff can produce no evidence to prove that Just Right "targets organisms." *Id.* As such, resolution of this issue in Defendant's favor would resolve Plaintiff's sole infringement claim as to the '812 Patent, and partial summary judgment in favor of Defendant would be proper. *Id.*

First, Plaintiff responds that Claim Six does not include a "predetermined organism" limitation, and it would be "incorrect as a matter of law to read into Claim Six a limitation expressly included in other claims of the patent." ECF No. 82 at 1. Plaintiff argues the Court correctly construed "predetermined temperature," having been fully apprised of Judge Lefkow's prior construction of that term as applied to Claims 4, 6, and 8 of the '812 Patent. *Id.* at 2. Plaintiff argues that reading a "predetermined organisms" limitation into Claim Six violates the doctrine of claim differentiation. *See, e.g., Envtl. Designs Ltd. v. Union Oil Co.*

---

counsel for Plaintiff and Defendant in that case are also identical to the instant case.

*of Cal.*, 713 F.2d 693, 699 (Fed. Cir. 1983) (noting "[i]t is improper for courts to read into an independent claim a limitation explicitly set forth in another claim").

Second, Plaintiff contends that if the Court accepts Defendant's "targeted organism" limitation, "ThermaPure has presented evidence sufficient to create a triable issue of fact." ECF No. 82 at 5. Plaintiff submits the Declaration of Seth Justesen who stated that Defendant treated structures with Water Out equipment "that involve contaminants such as mold and sewage." S. Justesen Decl., ECF No. 41 at ¶¶ 3, 5. Plaintiff suggests the proper construction of "predetermined temperature" should mean "a gas heated to a temperature that is sufficient to *kill organisms in a structure, e.g., insects, bacteria, dust mites, silver fish, fungi or toxic molds*." ECF No. 86 at 3. ThermaPure also proposes "heating a gas to a predetermined temperature" does not require any special construction, as the Court already defined "predetermined temperature" in its prior MSJ Order. ECF No. 86 at 6. Consequently, the phrase "heating a gas" should be given its ordinary meaning. *Id.*

**1. Claim Construction**

As the parties are aware, the Court construes the scope and meaning of disputed patent claims as a matter of law. *Markman v. Westview Instruments Inc.*, 517 U.S. 370, 388–90 (1996). First, the Court disagrees with Plaintiff the "targeted organism" limitation advocated by Defendant was contemplated in its prior Order. As set forth above, the Court focused only on location of the "predetermined temperature." In fact, the issue confronted by Judge Lefkow in her *Markman* order, as adopted by Judge Settle in his order granting defendant's motion for partial summary judgment, of how to select and predetermine the temperature was never resolved by this Court. Second, as pointed out by Judge Settle, *Markman* deference in this case is appropriate:

> In *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Supreme Court allocated all issues related to claim construction to the courts, in part as a means of promoting national uniformity in the treatment of a given patent. The Court recognized that only a Federal Circuit construction of a term in the context of a particular patent would achieve the desired result, but it apparently intended that other federal courts would afford some sort of deference to other lower court decisions in the interim. *Markman*, 517 U.S. at 391 (the doctrine of stare decisis "will promote (though it will not guarantee) intrajurisdictional certainty . . . on those questions not yet subject to interjurisdictional uniformity under the authority of the single appeals court.").

J. Ard Decl., Ex. A, ECF No. 77 at 7 (citing Order Construing Claims in *Avocent Redmond Corp. v. RoseElectronics et al.*, No. C-06-1711-RSL (W.D. Wash., Feb. 6. 2012); *see also Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1329 (Fed. Cir. 2008)

Thus, the Court agrees with Defendant and finds the prior claim constructions of Judges Lefkow and Judge Settle shall apply in this case. Moreover, the Court finds the opinions of Judges Lefkow and Settle in regard to the disputed claim terms in this case, "well-reasoned and persuasive," and adopts them *in toto*. As such, "predetermined temperature" shall be construed to mean "a temperature selected in advance [to be reached within the structure] that is sufficient to kill substantially all of the targeted organisms." Likewise, "high temperature / heated gas" shall mean a "gas that has been heated to a temperature sufficient to promptly kill targeted organisms."

**2. Infringement**

Direct infringement of a method claim requires the alleged infringer to perform *each and every* step of the claim. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378–79 (Fed. Cir. 2007) (emphasis added). If the method does not meet even one of a claim's limitations, there is no infringement. *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005).

The Federal Circuit has held that summary judgment is appropriate and "that nothing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006).

Having determined the meaning of the disputed claim term, the Court now turns to the issue of whether Defendant's sanitization method infringes on Claim No. 6 of the '812 patent. The Court finds that it does not.

Plaintiff's only evidence consists of the testimony of Just Right's former employee Seth Justesen:

> 3. Structural drying jobs are also called "water loss jobs." There are three categories of water loss jobs. Category 1 involves damage caused by clean water. Categories 2 and 3 involve contaminants such as mold and sewage.
>
> 5. At Just Right I used Water Out equipment to perform all three categories of water loss jobs. Water Out equipment was virtually the sole equipment used by Just Right to perform water loss jobs; the exception being very small water loss jobs where only dehumidifiers and air movers were required.

S. Justesen Decl., ECF No. 41 at ¶¶ 3, 5.

Here, as reasoned by Judge Settle, Plaintiff's evidence shows at a minimum Just Right merely treated structures that contained mold. However, viewing this evidence in the light most favorable to Plaintiff, "there is no evidence that creates a question of fact as to the correlation between [a predetermined] temperature and a targeted organism." *See* No. C-11-5958-BHS (W.D. Wash.), Dkt. 56. Thus, because there is no evidence that Defendant Just Right "identifies organisms to target with heat" there is no infringement of Claim No. 6. *See also Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 612 (Fed. Cir. 1999) ("Upon construction of the claims, summary judgment may follow when it is shown that

the infringement issue can be reasonably decided only in favor of the movant"); *Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 806 (Fed. Cir. 1999) (same). In sum, Defendant's motion for reconsideration should be granted and summary judgment is appropriate as Plaintiff has failed to show that a material fact exists for trial on each element of its infringement claim.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 76, is **GRANTED.**

2. The Court's prior Order dated November 7, 2012, ECF No. 75, is **VACATED** as to the denial of Defendant's Motion for Partial Summary Judgment.

3. As such, and for the reasons enumerated above, Defendant's Motion for Partial Summary Judgment, ECF No. 15, is **GRANTED**.

4. The parties are ordered to **SHOW CAUSE** by **July 17, 2013,** why Defendant's remaining invalidity counterclaim should not be transferred to the Central District of California in related actions: *Restoration Industry Association Inc. v. ThermaPure, Inc.*, No. CV-13-3169-JVS-RZ (C.D. Cal.); and *ThermaPure, Inc. v. Water Out Oregon et al.*, No. CV-13-4052-JVS-RZ (C.D. Cal.).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 2nd day of July, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge