UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERMAPURE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JUST RIGHT CLEANING & CONSTRUCTION, INC.,<br><br>    Defendant. | No. CV-11-0431-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, *INTER ALIA*** |

Before the Court are the following motions: (1) Defendant's Motion for Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, ECF No. 103; (2) Plaintiff's Motion for Reconsideration, ECF No. 107; (3) Defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Reconsideration, ECF Nos. 131, 133; and (4) Plaintiff's Evidentiary Objections and Motion to Strike Portions of Def.'s Reply Brief filed in Support of Def.'s Motion for Attorneys' Fees and Costs, ECF No. 149. The Court held a telephonic hearing in the above-captioned matter on October 1, 2013. Plaintiff Thermapure was represented by Phil McCune, J. Chad Mitchell, and Sean Kneafsey. Joel Ard argued on behalf of Defendant Just Right.  The Court is now fully informed, having reviewed all documents filed in support of, and in opposition to, each motion, and enters the following Order.

///

///

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION, *INTER ALIA*** \* 1

# BACKGROUND

As the parties are familiar with the factual and procedural background of the case, the Court need not recite them here, except as necessary to rule on the pending motions. On July 2, 2013, the Court granted Defendant's Motion for Reconsideration. *See* Order Granting Def.'s Mot. for Reconsideration (hereafter "the Order"), ECF No. 98. In the Order, the Court found that Claim No. 6 of the '812 Patent included a "targeted organism" limitation and adopted Defendant's claim construction of the claim term "predetermined temperature" to mean a "temperature selected in advance [to be reached within the structure] that is sufficient to kill substantially all of the targeted organisms." *Id.* at 12. The Court then construed the claim term "high temperature / heated gas" to mean "a gas that has been heated to a temperature sufficient to promptly kill targeted organisms." *Id.* As noted by the Court, this prior construction of the disputed claim terms had been adopted by two other district courts construing Claim No. 6 of the '812 Patent. *Id.* at 11-12.

The Court then found that Plaintiff's evidence was insufficient to create a question of fact as to the correlation of a predetermined temperature and a targeted organism – in this case mold. *Id.* at 13. As there was no evidence that Defendant "identifie[d] organisms to target with heat," there [was] no infringement of Claim No. 6. Consequently, the Court vacated its prior order and granted Defendant's Motion for Partial Summary Judgment. *Id.* at 14.

The Court also required the parties to show cause why Defendant's remaining invalidity counterclaim should not be transferred to the Central District of California, to be consolidated with two other pending and related actions asserting identical claims. *Id.* at 14. On July 17, 2013, Plaintiff filed a timely response informing the Court that it had no objection to the transfer, pending the Court's consideration of Plaintiff's Motion for Reconsideration. *See* ECF No. 106.

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 2

# DISCUSSION

## I. Defendant's Motion for Attorneys' Fees and Costs

### A. Legal Standard

A district court has discretion to award reasonable attorney fees to a prevailing party in a patent case if the court determines that the case is "exceptional." 35 U.S.C. § 285. When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry: First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915-16 (Fed. Cir. 2012) (internal citations omitted). Second, if the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified. *Id.*

A case may be deemed exceptional under § 285 where there has been "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio–US Indus., Inc. v. Plastic Recovery Techs. Corp.,* 459 F.3d 1311, 1321–22 (Fed. Cir. 2006).

Where, as here, the alleged infringer prevails in the underlying action, factors relevant to determining whether a case is exceptional include "the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior." *Computer Docking Station Corp. v. Dell, Inc.,* 519 F.3d 1366, 1379 (Fed. Cir. 2008). Where a patentee "prolongs litigation in bad faith, an exceptional finding may be warranted." *Id.*

In addition, absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under § 285 ***only*** if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless. *Old Reliable Wholesale, Inc. v. Cornell Corp.,* 635 F.3d 539, 543 (Fed.Cir.2011) (internal

citation omitted) (emphasis added). Under this standard, a patentee's case "must have no objective foundation, and the plaintiff must actually know this." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011). Whether a case is objectively baseless requires an "objective assessment of the merits." *Id.*

Finally, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

### B.    Defendant's Motion

Defendant argues that Plaintiff: (1) failed to conduct an adequate investigation, prior to, or after filing suit; (2) sought construction of claim terms that was frivolous, and; (3) engaged in vexatious and unjustified litigation which unduly multiplied the proceedings. ECF No. 103 at 5-10. Defendant also argues that Plaintiff's lawsuit was objectively baseless, and was pursued in subjective bad faith. *Id.* at 5.

Plaintiff responds in opposition that its pre-filing investigation was adequate, its claim construction briefing was not frivolous, its conduct is not even remotely sanctionable (as there was no bad faith conduct), and the case is neither objectively nor subjectively baseless. ECF No. 113 at 4-20.

The undisputed evidence shows that Plaintiff received a jury verdict of infringement against Water Out Corporation in a related action in 2006. Kneafsey Decl., ECF No. 114, at Ex. 14; *see also* ECF No. 75 at 4. Moreover, Plaintiff contended that Defendant Just Right, a Water Out licensee located in Eastern Washington, allegedly utilized the same equipment found to infringe Plaintiff's '812 Patent in its successful suit against Water Out litigated in the Eastern District

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 4

of Texas. ECF No. 75 at n. 2. In light of the jury's verdict in the Texas Action, Plaintiff targeted licensees, including Defendant, of the now defunct Water Out Corporation.

Here, the Court is satisfied that Plaintiff, and its attorneys, have submitted more than adequate evidence of a pre-filing investigation conducted prior to filing the suit and this case is not exceptional. *See* ECF No. 113 at 4-5.

Moreover, "[d]efeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless," just as the record in this case does not support a finding that Plaintiff pursued objectively baseless infringement claims. *MarcTec, LLC,* 664 F.3d at 918; *see also* ECF No. 113 at 18-19. Thus, the Court concludes that Defendant cannot meet its burden and prove by clear and convincing evidence that Plaintiff's claims were objectively baseless or that the instant case is exceptional.

Finally, there simply is no evidence that Plaintiff engaged in vexatious or unjustified litigation conduct that prolonged unnecessarily the instant proceedings. As noted by the Federal Circuit, "[i]nfringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *iLOR, LLC v. Google, Inc.,* 631 F.3d 1372, 1377 (Fed.Cir. 2011). In this case, although Plaintiff sought a different construction of the claim terms "predetermined temperature" and "high temperature/heated gas" in the Illinois action, the Court concludes this does not amount to vexatious or unjustified litigation, as Plaintiff sought a similar claim construction adopted in the Texas action, where only Claim 6 was at issue. *See* ECF No 113 at 12. Here, although unsuccessful, Plaintiff justifiably argued that Defendant's proposed construction of reading claim terms from Claim 4 into Claim 6 violated the doctrine of claim differentiation. *See Envtl. Design v. Union Oil*, 713 F.2d 693, 699 (Fed. Cir. 1983).

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 5

Thus, the Court has determined that Plaintiff's conduct does not rise to the level of vexatious and Defendant's motion is denied on this basis as well.

Based on the foregoing, the Court agrees with Plaintiff and denies Defendant's Motion for Attorneys' Fees and Costs.

## II. Plaintiff's Motion to Strike Defendant's Reply filed in support of Defendant's Motion for Attorneys' Fees and Costs

Plaintiff moves to strike new arguments and inadmissible evidence raised in Defendant's reply brief. ECF No. 149 at 2-5. Specifically, Plaintiff moves to strike: (1) Defendant's arguments regarding the draft License Agreement between Thermapure's President Dave Hedman and Just Right's President Ben Justesen. *See* J. Ard Decl., ECF No. 148 at 5-43; and (2) Arguments regarding a chart attached to the Declaration of Plaintiff's expert Dr. Sean Abbott. *See* Abbott Decl., ECF No. 130-2, Ex. 30 at 1-15.

Defendant responds that the License Agreement demonstrates that Plaintiff's lawsuit was not only filed without pre-filing investigation, but was also vexatious. ECF No. 152. Defendant claims the License Agreement demonstrates that Thermapure tried to "extort" an unreasonable settlement of a baseless claim by threatening to impose a $150,000 license plus 5% of Defendant's royalties in order to settle the lawsuit. *Id.* at 1-6. In regard to the Abbott declaration, Defendant argues it is both relevant and admissible. *Id.* at 6-8. Finally, Defendant asserts that Plaintiff obscured evidence of the lethal temperature required to kill certain strains of mold and further evidence that Plaintiff engaged in vexatious litigation, and again, did not conduct adequate pre-filing investigation. *Id.*

Plaintiff is correct in that the general rule is that litigants may not raise a new issue for the first time in a reply brief. *Coos Co. Bd. Of Co. Comm.v. Kempthrone*, 531 F.3d 792, 812 n.16 (9th Cir. 2008). However, the Court has already found that Plaintiff's pre-filing investigation was adequate and their litigation strategy was

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 6

not vexatious. Thus, because the Court has previously denied Defendant's Motion for Attorneys' Fees, the evidence that Plaintiff seeks to strike does not impact that decision, and Plaintiff's Motion to Strike is denied.

### III.   Plaintiff's Motion for Reconsideration

#### A.   Reconsideration Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration brought under Fed. R. Civ. P. 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). In addition, where reconsideration of a non-final order is sought, a court has inherent jurisdiction to modify, alter, or revoke it. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Motions for reconsideration are committed to the sound discretion of the trial court and reviewed for abuse of discretion. *Sch. Dist. No. 1J,* 5 F.3d at 1262.

#### B.   Plaintiff's Motion

Plaintiff moves for reconsideration of the Court's prior order granting Defendant's Motion for Reconsideration, ECF No. 98. Plaintiff argues that reconsideration is appropriate because deposition testimony obtained in February and March of 2013, months after Defendant's Motion for Reconsideration was fully briefed, contradicts the Declaration of Ben Justesen (President and Owner of Just Right), ECF No. 17-1, upon which the Court relied in its prior order granting

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 7

partial summary judgment to Defendant on Plaintiff's sole infringement claim. ECF No. 107 at 1.

Plaintiff asserts a triable issue of fact remains as to whether Defendant "identified organisms to target with heat." *Id.* Specifically, Plaintiff argues that Defendant: (1) identifies whether mold is in a structure prior to drying, (2) determines a specific (predetermined) temperature because deposition testimony reveals defendant utilized the Water Out factory pre-set temperature, and (3) identifies mold to target with heat. *Id.*

Defendant responds that Plaintiff's evidence is not "new" for the purposes of Rule 59(e), and does not provide a permissible basis for reconsideration. ECF No. 118 at 4. Defendant counters that Plaintiff's dilatory conduct in deposing witnesses until the final days of discovery does not now make it "new evidence." *Id.* Defendant also responds that even if the Court considers Plaintiff's evidence, "there is no evidence a temperature used by Just Right, wherever measured, or by whom selected is sufficient to promptly kill targeted organisms." *Id.* at 4-5. Defendant argues that Plaintiff incorrectly assumes the existence of the thermostats in the Water Out trailers meet the claim limitation of selecting a predetermined temperature inside the structure. *Id.* at 6.

Here, Plaintiff asks the Court to reconsider its prior order, ECF No. 98, because it did not have the benefit of the Court's claim construction ruling. *See* ECF No. 128 at 1, 8. Consequently, Plaintiff asserts that new facts and law exist which preclude summary judgment. *Id.* As Defendant points out, however, Plaintiff's motion does not identify any statutory or case authority for the requested relief, so the Court presumes that Plaintiff is proceeding under Fed. R. Civ. P. 59(e). *See* ECF No. 118 at 3.

To prevail on a Rule 59(e) motion because of newly discovered evidence, the movant must show the evidence: (1) is truly "newly discovered"; (2) could not

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 8

have been discovered through the exercise of "due diligence"; and (3) is of such a magnitude that production of it earlier would have likely changed the disposition of the case. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Furthermore, a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). The failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence." *School Dist. No. 1J,* 5 F.3d at 1262.

First, the Court rejects Plaintiff's argument that it did not have the benefit of the Court's prior claim construction Order. Plaintiff's argument is without merit, as the Court adopted the claim construction already accepted by two other district courts that previously construed the disputed claim terms at issue in this case regarding Claim No. 6 of the '812 Patent. *See* ECF No. 98 at 4-9. Thus, the Court finds this does not provide a basis for reconsideration and does not fall within the scope of Rule 59(e)'s purpose.

Second, the Court agrees with Defendant that Plaintiff's deposition testimony,[1] taken in February and March of 2013, is not "newly discovered evidence," which the Court notes could have reasonably been discovered prior to the Court's ruling and as early as February of 2012 -- one year prior to the depositions of Just Right's employees in February and March of 2013. *See, e.g., Frederick S. Wyle, P.C. v. Texaco, Inc.,* 764 F.2d 604, 609 (9th Cir. 1985). In fact, as noted by the Court in its prior Order, Defendant's argument that "Just Right

---

[1] Plaintiff submitted the deposition testimony of the following Just Right employees in support of its Motion for Reconsideration, ECF No. 107: K. Benjamin Justesen Depo., March 11, 2013, ECF No. 108-1 at Ex. 1; Blaine Justesen Depo., Feb. 27, 2013, ECF No. 108-2 at Ex. 2; Timothy L. Martin Depo., Feb. 26, 2013, ECF No. 108-3 at Ex. 3.

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 9

never determines a temperature, or identifies organisms to target with heat," was initially raised in this case by February 21, 2012. *See* ECF No. 98 at 7; *see also* Def.'s Memo. ISO Def.'s Mot. for Partial Summ. J., ECF No. 16 at 12. Thus, the Court is satisfied that Plaintiff's "failure to file documents in an original motion or opposition [did] not turn the late filed documents [in the instant case] into 'newly discovered evidence.'" *School Dist. No. 1J,* 5 F.3d at 1263 (internal citation omitted).

In the alternative, Plaintiff's argument that a triable issue of fact remains as to whether Just Right targets mold with heat, does not provide a basis for reconsideration. The Court's prior Order provided that "viewing this evidence in the light most favorable to Plaintiff, 'there is no evidence that creates a question of fact as to the correlation between [a predetermined] temperature and a targeted organism.'" ECF No. 98 at 13. Moreover, the Court agreed with Judge Settle that merely because Plaintiff targeted organisms, the evidence remains insufficient to create a question of fact as to whether Just Right "predetermined the temperature of the gas to kill that particular organism because, at most, it shows that [Defendant] only treated structures that contained particular organisms." *Id.* at 8-9.

Again, viewing the evidence in the light most favorable to Plaintiff, even if a reasonable juror concluded that Just Right identified and targeted mold with heat, Plaintiff has failed to submit sufficient evidence to conclude that Defendant predetermines a temperature, as that term has been construed by the Court, sufficient to promptly kill the targeted organism. At this late juncture, the Court declines to consider any new arguments raised for the first time in the parties' responses or replies related to whether Defendant "promptly" kills mold or evidence discussing purported temperatures lethal to various organisms. *See Coos Co. Bd. Of Co. Comm. v. Kempthrone*, 531 F.3d 792, 812 n.16 (9th Cir. 2008)

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 10

(declining to consider a plaintiff's last-minute arguments never been fully briefed or argued before the district court).

Finally, the Court declines to utilize its inherent authority or power under Fed. R. Civ. P. 54(b) to reconsider the prior Order, as the Court has already determined that such evidence is not "new" for reconsideration purposes, nor can the Court discern any clear error or that the initial decision was manifestly unjust. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).

## IV. Defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Reconsideration

Defendant moves to strike portions of Plaintiff's Reply brief filed in support of Plaintiff's Motion for Reconsideration. *See* ECF Nos. 131, 133. Specifically, Defendant seeks to exclude: (1) the Declaration of Sean Abbott and supporting exhibits, ECF No. 130, including references to the Abbott declaration contained in Plaintiff's Reply, ECF No. 128; and (2) the Declaration of Sean Kneafsey and supporting exhibits, ECF No. 129, including references alleged instances of misconduct on the part of Defense counsel contained in Plaintiff's Reply, ECF No. 128.

Plaintiff responds in opposition, and asserts that the declarations challenged were submitted in response to issues raised by Defendant for the first time in Just Right's Opposition to Thermapure's Motion for Reconsideration. ECF No. 137 at 1. Plaintiff argues the Abbott evidence demonstrates that Defendant's claim that it does not "promptly" kill mold is not true. Plaintiff also submits such evidence to rebut Defendant's claim raised in its reply that it had "hidden" evidence of lethal temperatures from the Court. *Id.* As to the Kneafsey declaration, Plaintiff claims such evidence demonstrates that Defendant's claim that "Plaintiff refused to take depositions until the final days of discovery" is not true. *Id.*

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 11

Here, Plaintiff correctly argues that Defendant should not be permitted to make allegations, raised for the first time in its response, and then seek to strike Plaintiff's evidence in reply which demonstrate the allegations are false. *See Bennett v. Tucker*, 827 F.2d 63, 69 n.2 (7th Cir. 1987). Thus, Defendant's Motion to Strike is denied. However, this does not end the analysis. As noted *supra*, the Plaintiff's evidence, which the Court finds includes the Abbott Declaration, is not "new" for the purposes of Rule 59(e), as it could have been presented prior to the Court's order granting partial summary judgment to Defendant. *See Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992) (citing *Fay Corp. v. Bat Holdings I, Inc.,* 651 F. Supp. 307, 309 (W.D.Wash. 1987)) ("Motions for reconsideration ... are not justified on the basis of new evidence which could have been discovered prior to the Court's ruling"). Consequently, such evidence does not provide a basis for reconsideration.

## CONCLUSION

The Court denies Defendant's Motion for Attorneys' Fees and Costs, as the instant case is not exceptional:  Plaintiff conducted an adequate pre-filing investigation, the action was not objectively baseless, nor was there any evidence of vexatious or improper litigation. The Court also denies Plaintiff's Motion to Strike, as it has no impact on Defendant's Motion for Fees, which the Court ruled in Plaintiff's favor. Further, the Court denies Plaintiff's Motion for Reconsideration, and finds that Plaintiff's evidence is not new for the purposes of Rule 59(e), nor does it create an issue of fact which warrants reconsideration. The Court also denies Defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Reconsideration, but finds that such is also not new pursuant to Rule 59(e) as noted above in the Court's reconsideration analysis.

Finally, as there is no objection from the parties, and in the interests of judicial economy, the Court transfers Defendant's remaining invalidity

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 12

counterclaim to the Central District of California, where two related actions, identical to the counterclaim asserted by Defendant in the instant case, are pending.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, ECF No. 103, is **DENIED**.

2. Plaintiff's Motion for Reconsideration, ECF No. 107, is **DENIED.**

3. Defendant's Motions to Strike Plaintiff's Reply in Support of Motion for Reconsideration, ECF Nos. 131, 133 are **DENIED**.

4. Plaintiff's Evidentiary Objections and Motion to Strike Portions of Defendant's Reply Brief filed in support of Defendant's Motion for Attorneys' Fees and Costs, ECF No. 149, is **DENIED.**

5. Plaintiff's Motion to Expedite, ECF No. 151, is **GRANTED**.

6. The District Court Executive is **DIRECTED** to transfer Cause No. CV-11-0431-RHW, including Defendant's remaining counterclaim filed on January 4, 2012, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, seeking a declaration that the '812 patent is invalid, to the **Central District of California** and should be consolidated with related actions: *Restoration Industry Association Inc. v. ThermaPure, Inc.,* **Cause No. CV-13-3169-NS-RZ (C.D. Cal.)**; and *ThermaPure, Inc. v. Water Out Oregon et al.,* **Cause No. CV-13-4052-NS-RZ (C.D. Cal.)**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel, transfer the remaining claim as set forth above, and **close** the file.

**DATED** this 15th day of November, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEF.'S MOTION FOR ATTORNEYS' FEES AND DENYING PL.'S MOTION FOR RECONSIDERATION,** *INTER ALIA* * 13